**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMIRO CORZA CERVANTES; MARIA DEL CARMEN CORZA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70483 <br><br> Agency Nos. A075-678-321 <br> A075-678-322 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Ramiro Corza Cervantes and Maria Del Carmen Corza, natives and citizens

of Mexico, petition pro se for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reconsider.  Our jurisdiction is governed by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Corza's successive motion to reconsider as number-barred. *See* 8 C.F.R. § 1003.2(b)(2) ("A party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider."). It follows that petitioners' due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

In their opening brief, petitioners fail to address, and therefore have waived, any challenge to the BIA's dispositive determination regarding Corza Cervantes' motion. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

To the extent petitioners contend they suffered ineffective assistance of counsel, they did not raise this contention before the BIA and we therefore lack jurisdiction to review this unexhausted claim. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We also lack jurisdiction to consider petitioners' unexhausted claim that there is new evidence of hardship. *See id.*

09-70483

In light of our disposition, we need not address petitioners' remaining contentions.

Petitioners' request for a stay of removal is dismissed as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**